By the Court.
Pierrepont, J.
—The defendants refuse to pay, on the alleged ground that Francis not having had an insurable interest in the life of Castle, the policy was void, or if *446 Francis had such an interest, that the value thereof which must limit the amount of recovery was merely nominal.
It is not necessary in life insurance that the one for whose benefit the life of another is insured, should be a creditor of that other. It is enough that in the ordinary course of events, loss and disadvantage will naturally and probably arise to the party in whose favor the policy is written, from the death of the person whose life is insured.
In Lord v. Dall, (12 Mass., 115,) it was held that a young girl had an insurable interest in the life of her brother about to go to sea, upon whose mere generosity she was supported.
In the case of Bevin v. The Connecticut Mutual Life Insurance Company, Judge Ellsworth delivering the opinion of the Court held, that Bevin had an insurable interest, and that the plaintiff could recover $1,000, the amount mentioned in the policy, though he had advanced but $300. That suit was upon a policy exactly like this, and the facts of the case were almost precisely the same. (23 Conn., 246.)
This is a valued policy, and the value is the amount fixed by the par ties to the contract of insurance, and upon the basis of which the premium was paid. It is not a contract for mere indemnity.
In support of these views, (in addition to the foregoing authorities) I cite the following: (Lucena v. Crawford, 2 Bos. and Pull. N. R., 301; Ashley v. Ashley, 3 Sim., 149; 3 Kent Com., 369, and note, 271; St. John v. Amer. Mutual Life Ins. Co., 2 Duer, 419; 3 Kern., 31.)
The judgment should be affirmed, with costs.
Bosworth, J.
— Without considering the question whether a policy of insurance on life, is or is not a mere contract of indemnity ; or what particular fact, or element, if any is indispensable to the existence of an insurable interest by one person in the life of another, I have no doubt that Francis had an insurable interest in the life of Castle, and that such interest was one which the parties to the policy could properly value, at the sum at which it was valued in the policy.
Francis had a pecuniary interest in the continuance of Castle’s life; as by reason of that, and through his industry and labors as- a member of the Brothers’. Mining and Trading Company of *447 Hew Haven, Francis might expect not only to get back what he had advanced to Castle, but to acquire gains and profits; by reason of being entitled to one-half of Castle’s interest in and to the funds, assets, and profits of the company, which Castle had when the policy was effected, or should afterwards acquire.
Upon the facts appearing in this case, I think the value of this interest must be held to be the sum insured, and that the parties to the policy have thereby agreed upon that sum, as the value of such interest.
The case of Bevin v. Connecticut Mutual Life Insurance Company, (23 Conn. R., 244,) is a direct authority in support of these views, and appears to me to be correctly decided. The case of Miller v. The Eagle Life and Health Insurance Company, (2 E. D. Smith, pp. 268, 290,) is an authority in point, and the opinion of the Court delivered by Mr. Justice Woodruff, discusses in all their aspects, the questions arising in this case, and fully sustains the conclusions above stated.
I think the judgment should be affirmed.
Judgment affirmed.